# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| AARON M. TREMBATH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:17-cv-72 |
| | ) |
| WELLS FARGO BANK NA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint, filed by Defendant, Wells Fargo, on June 19, 2017 (DE #14). For the reasons set forth below, the Motion to Dismiss (DE #14) is **GRANTED**. The IDCSA count against Wells Fargo is **DISMISSED WITHOUT PREJUDICE** on the condition that Wells Fargo may submit a request for reimbursement and documentation of its attorney fees for any unnecessary briefing that will have no usefulness in any subsequent state-court litigation.

<u>BACKGROUND</u>

This case arises out of a related state court foreclosure action currently pending in the Circuit Court of Tippecanoe County (DE #15-1, Case No. 79C01-1611-MF-000254). The underlying state proceeding was filed by Wells Fargo about 5 months earlier than

this case, in November 2016. (DE #1-2.) Wells Fargo filed suit against Aaron and Felicia Trembath to foreclose real property located at 1212 Logan Avenue, Lafayette, Indiana. The Trembaths moved to dismiss the foreclosure action, but the state court denied that motion. The Trembaths filed an answer on April 24, 2017, and as an affirmative defense, they alleged that "Plaintiff's request for an *in personam* judgment against Aaron M. Trembath is barred by the Statute of Limitations." (DE #15-3 at 3.)

Aaron Trembath filed the complaint in this case in the Southern District of Indiana on April 24, 2017, the same day the borrowers filed an answer in the underlying foreclosure case. The complaint alleges that jurisdiction arises under "15 U.S.C. § 1692k(d) [sic.] [Fair Debt Collection Practices Act], 28 U.S.C. § 1331, 1337 and 1367." (DE #1 at 1.) Trembath does not allege diversity jurisdiction under 28 U.S.C. § 1332.

The instant complaint states a claim against Defendants Unterberg & Associates, P.C. and Codilis Law (collectively "Codilis Law"), for violation of the Fair Debt Collection Practices Act ("FDCPA"). (DE #1 at 2.) Specifically, Plaintiff alleges that Codilis Law filed a lawsuit against him in state court and sought an *in personam* judgment on a time-barred debt, in violation of 15 U.S.C. § 1692e and f. *Id.* There is another claim against Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), for violation of the Indiana Deceptive Consumer Sales Act ("IDCSA"). (DE #1 at 3.)

Trembath alleges that Wells Fargo violated the IDCSA because it filed a state court foreclosure complaint based on a time-barred debt and an "unaccelerated debt" and that Wells Fargo deceptively tried to induce him to make a payment on the loan to extend the "almost-expired" statute of limitations for enforcing the underlying mortgage debt. (DE #1 at 3.)

On February 2, 2018, the parties notified this Court that Plaintiff and Defendants Unterberg & Associates and Codilis Law reached a settlement and would dismiss those Defendants "as soon as reasonably practicable following the execution of documents and consummation of the settlement" in this case. (DE #38 at 1.) The Court set February 26, 2018, as a deadline for the dismissal papers. (DE #39.) The settlement does not involve Wells Fargo. *Id.*

Defendant, Wells Fargo, filed this motion to dismiss, arguing that Plaintiff's only claim against Wells Fargo for violation of the IDCSA, should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because this Court lacks subject-matter jurisdiction under the *Colorado River* abstention doctrine, and any exercise of supplemental jurisdiction over the IDCSA claim would be improper pursuant to principles of judicial economy, convenience, fairness, and comity. (DE #15 at 1-2.) Wells Fargo also argued that dismissal was appropriate under Rule 12(b)(6) because: (1) the IDCSA claim was a compulsory counterclaim, (2) the IDCSA does not

3

afford a private right of action for claims related to consumer transaction in real property, (3) Wells Fargo is not a "supplier" as defined by the IDCSA, and (4) the complaint fails to allege that prior notice was provided to Wells Fargo, which is a condition precedent to bringing an IDCSA claim based upon an "uncured" deceptive act. (DE #15 at 2.)

In response, Plaintiff "concedes there is a significant possibility this Court would determine that Plaintiff's claims made in this lawsuit against Wells Fargo were compulsory counterclaims and should have been brought in state court." (DE #35 at 1.) Plaintiff does not address the merits of Wells Fargo's arguments about why the IDCSA claim allegedly fails as a matter of law, but rather "requests that his claims against Wells Fargo be dismissed without prejudice so that he can move to amend his answer and assert them in the pending state court lawsuit." (*Id*.)

Wells Fargo filed a reply on January 5, 2008 (DE #37), reiterating that the claim should be dismissed with prejudice because it fails to state a claim upon which relief may be granted, and if this Court chooses to dismiss it without prejudice, Wells Fargo should be granted reasonable attorney fees incurred in defending this lawsuit, which should have been asserted as a compulsory counterclaim in the state court foreclosure action.

DISCUSSION

In response to Wells Fargo's motion to dismiss, Plaintiff does not address the merits of Wells Fargo's motion, but instead "respectfully requests that his claims against Wells Fargo be dismissed without prejudice so that he can move to amend his answer and assert them in the pending state court lawsuit." (DE #35 at 1.) Wells Fargo contends that if the Court allows Trembath to voluntarily dismiss the IDCSA claim, Wells Fargo should be awarded its costs and attorney fees related to "time unnecessarily spent briefing issues related to whether the Southern District of Indiana was an improper venue, whether abstention under the Colorado River doctrine was appropriate, whether the Court should exercise supplemental jurisdiction, and whether Plaintiff's complaint was a compulsory counterclaim." (DE #37 at 5.)

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). This case is similar to *Wells Fargo Bank, N.A. v. Younan Properties, Inc.*, 737 F.3d 465, 467 (7th Cir. 2013), where the Seventh Circuit upheld the district judge's holding that a voluntary dismissal should be conditioned on reimbursing the opposing party for legal expenses it incurred in seeking dismissal. As Judge Posner noted in that case, "[a] consequence of a voluntary dismissal on such a ground [without prejudice] would be that the defendant's expenditures on contesting the existence of federal

5

jurisdiction had been wasted, or largely so, because he had not killed the suit but had merely shifted it to another court." *Id.* at 468. The same circumstances are true here, where Plaintiff admits that he plans to petition the state court to add the counterclaim. Judge Posner went on:

> A judge who reasonably believed that the plaintiff had imposed a gratuitous expense on the defendant by filing in the wrong court and now wanted to dismiss without prejudice in the expectation of refiling in the right court would therefore be justified in conditioning voluntary dismissal on the plaintiff's reimbursing some or all of the defendant's expenditures in litigating the jurisdictional issue. . . . if as in this case the case is dismissed without prejudice the fee award should reimburse the defendant for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim.

*Id.* (quotation and citations omitted).

Here, this Court believes that Plaintiff imposed a gratuitous expense on Wells Fargo by filing the IDCSA claim (which he now concedes is a compulsory counterclaim that should have been asserted in the state foreclosure action), in federal court. The original complaint was filed in the Southern District of Indiana on April 24, 2017, and Wells Fargo filed its motion to dismiss on June 19, 2017, which included the argument that the IDCSA claim was a compulsory counterclaim. (DE #15 at 2, 11-13.) The parties then had to brief the issue of venue only in front of the Southern District of Indiana, and the transfer was vigorously opposed by Plaintiff. It was not until after Wells Fargo filed its lengthy

6

memorandum in support of the motion to dismiss (DE #15) on June 19, 2017, and after it briefed the issue of venue, that Plaintiff recently conceded on December 15, 2017, that his IDCSA claim is probably a compulsory counterclaim that should have been brought in state court, asking the court to dismiss it without prejudice so he could amend his answer and assert it in the pending state court lawsuit. (DE #35 at 1.) Given this turn of events, this Court concurs with *Younan*, that "[w]ith the plaintiff asking the court for a chance to bring the same suit against the same defendants in a different court, it is reasonable to require the plaintiff to compensate the defendants for any wasted motion forced upon them by the plaintiff's having chosen the wrong court." *Younan*, 737 F.3d at 469.

Consequently, this Court will dismiss the IDCSA count against Wells Fargo without prejudice on the condition that Wells Fargo may submit a request for reimbursement and documentation of its attorney fees for any unnecessary briefing that will have no usefulness in any subsequent state-court litigation on or before March 13, 2018. Plaintiff may file a response on or before March 27, 2018.

CONCLUSION

For the reasons set forth below, the Motion to Dismiss (DE #14) is **GRANTED**. The IDCSA count against Wells Fargo is **DISMISSED**

**WITHOUT PREJUDICE** on the condition that Wells Fargo may submit a request for reimbursement and documentation of its attorney fees for any unnecessary briefing that will have no usefulness in any subsequent state-court litigation on or before **March 13, 2018.** Plaintiff may file a response on or before **March 27, 2018.**

**DATED: February 16, 2018**      /s/ RUDY LOZANO, Judge
                                  **United States District Court**